**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Radiator Specialty Company,

Plaintiff,

v.

Pennzoil-Quaker State Company, formerly known as Pennzoil Products Company, and Pandora Manufacturing Inc., formerly known as Snap Products, Inc.,

Defendants.

Civil No. 01-184 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Kevin D. Conneely, Esq., Robins, Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402-2015; Thomas R. Dolven, Esq., Dewhirst & Weeks, 950 Cherry Street South, Suite 600, Denver, Colorado 80246; William T. Reid, IV, Esq., Diamond, McCarthy, Taylor & Finley, 8310 North Capital of Texas Highway, Suite 305, Austin, Texas, 78731, Allan B. Diamond, Esq., Diamond, McCarthy, Taylor & Finley, 909 Fannin Suite 515, Houston, Texas 77010, appeared on behalf of Plaintiff.

John D. French, Esq. and James R. Steffen, Esq., Faegre & Benson, 2200 Norwest Center, 90 South 7th Street, Minneapolis, Minnesota 55402-3901, appeared on behalf of Defendant Pennzoil-Quaker State Company.

Steven L. Reitenour, Esq., Bowman & Brooke, Suite 2600, 150 South 5th Street, Minneapolis, Minnesota 55402, appeared on behalf of Defendant Pandora Manufacturing, Inc.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on June 7, 2001, pursuant to Defendants' Motions to Transfer Venue. Plaintiff's Complaint alleges: (1) violation of the Lanham Act by false or misleading advertising; (2) tortious interference with prospective business relations; (3) violation of the Minnesota Deceptive Trade Practices Act; (4) violation of the Minnesota Unlawful Trade Practices Act; and

FILED JUN 29 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

(5) violation of the Minnesota Consumer Fraud Act, all based on Defendants' allegedly false advertising and promotion of the FIX-A-FLAT tire inflator product. Defendants have moved the Court to transfer venue to the Southern District of Texas, maintaining that "there is no "meaningful connection to [the state and district of Minnesota]," that there is no Minnesota entity is a party to or is substantially involved in the current action, and that no material witnesses or evidence is located in Minnesota, but rather can be found in the Southern District of Texas. For the reasons set forth below, Defendants' motions are granted, and, by this order, venue shall be transferred to the United States District Court for the Southern District of Texas.

**Background**

In 1993, Plaintiff Radiator Specialty Company ("RSC") and Defendant Snap Products, Inc. ("Snap"), now known as Pandora Manufacturing, Inc. ("Pandora"), were both selling non-flammable and non-explosive tire-inflator repair products. Also in 1993, the U.S. Environmental Protection Agency issued regulations banning the chemical propellant used by both companies in their products. Subsequent to the ban, RSC began manufacturing its product using a different and more expensive chemical propellant that RSC maintains was "non-flammable and safe." To the contrary, RSC alleges that Snap began using a less expensive propellant that was known "to be potentially dangerous and explosive." RSC alleges, however, that Snap engaged in a false marketing campaign, promoting the product as "non-explosive" and "non-flammable."

RSC is a North Carolina Corporation with its principal place of business in North Carolina. Snap, now known as Pandora Manufacturing Inc. ("Pandora"), is also a North Carolina corporation with its principal place of business in Ohio. In 1997, Defendant Pennzoil, a Delaware corporation with its principal place of business located in Texas, purchased

Snap and continued the marketing and sale of FIX-A-FLAT, until a recall was implemented in 1999. Upon the acquisition, the Snap/Pandora employees responsible for the FIX-A-FAT product line became Pennzoil employees and relocated to Texas.

Plaintiff has brought suit contending that Defendants' allegedly false advertising campaign violated the Lanham Act and resulted in tortious interference with prospective business relations.

Defendants' current motions request the Court to transfer venue from the District of Minnesota to the Southern District of Texas, maintaining that there is no "meaningful connection to [the state and district of Minnesota]" and that the requested transfer will serve the interests of justice and convenience of the parties and witnesses.

**Discussion**

**1. Standard of Review**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Generally, transfer under 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982). The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant. *United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 315 (D. Minn. 1994). The purpose of § 1404 is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrak*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 26, 27 (1960)).

As a preliminary matter, the venue to which transfer is requested must be one in which the suit could have originally been sought. 28 U.S.C. § 1404(a); *Van Dusen*, 376 U.S. at 616

(1964). As § 1404(a) also provides, however, a court must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice, when determining whether to grant a motion to transfer venue. *See Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). In considering these factors, the court must look to the particular circumstances of the case before it. *Terra Int'l, Inc., v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), *cert. denied*, 522 U.S. 1029, 118 S. Ct. 629, 139 L. Ed. 609 (1997).

**A. Proper Jurisdiction**

There is no dispute between the parties that both the District of Minnesota and the Southern District of Texas have equivalent jurisdiction over the parties in this case. With respect to the Southern District of Texas, the venue to which transfer is being sought, Defendant Pennzoil, and the former employees of Defendant Pandora responsible for the FIX-A-FLAT product line are located in Texas. In addition, Plaintiff RSC has conducted business in Texas. It is clear to the Court that Plaintiff could have properly filed its suit in the Southern District of Texas, and thus depending upon the Court's evaluation of the remaining factors, transfer of venue to the Southern District of Texas could be appropriate.

**B. Convenience of the Parties**

Courts recognize a presumption in favor of a plaintiff's choice of forum. *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen*, 376 U.S. at 646 (1964)).

Despite any presumption in favor of Plaintiff's choice to file suit in Minnesota, however, the Court finds that the convenience of the parties supports a decision to transfer venue to the Southern District of Texas. The alleged nexus between Minnesota consumers and businesses and the current litigation has not been established to be unique from that of any other state. The factors that Plaintiff points to with respect to the convenience of the parties relate to the type of claims that have been brought and the alleged damage that has occurred in Minnesota, affecting its citizens and businesses. The Court does not deny that the conduct at issue may have had some impact on Minnesota; however, while not determinative, the fact remains that similar impact is likely in many if not all other states, including Texas. Plaintiff's characterization that the Southern District of Texas is nothing more than a venue as equally inconvenient as Minnesota is not true. Defendant Pennzoil is located in Texas, and the former employees of Defendant Pandora who are associated with the FIX-A-FLAT line are also based in Texas. Significantly, as the Court will discuss further below, the witnesses and documents that promise to be key for all parties are located in Texas. It is the Court's view that a transfer of venue to the Southern District of Texas would serve the convenience of all parties.

**B. Convenience of the Witnesses**

In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121 (citing *Coast-to-Coast Stores Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 732 (D. Minn. 1984)).

Given the nature of Plaintiff's claims, it will be necessary to present evidence and testimony of corporate decision-making and policy with respect to the FIX-A-FLAT product and

the relevant advertising campaign. Such evidence and testimony primarily will come from documents and witnesses located at Pennzoil corporate headquarters in Texas. While the number of such witnesses may be fewer than the extensive list compiled by Plaintiff, their testimony promises to be key.

Plaintiff has attempted to minimize the importance of the witnesses and evidence in Texas by pointing to 40 potential witnesses who are located in Minnesota. This witness list consists mainly of manufacturer representatives and employees of major retailers, namely Target Stores, who have been involved in the marketing and retail of the FIX-A-FLAT product in Minnesota. Plaintiff contends that Minnesota is unique from other states in that Target Stores is one of the largest retailers of the FIX-A-FLAT product. Even if such witnesses are deemed necessary by either party and even if Target Stores is one of the larger retailers of the product, however, Plaintiff has not established the significance of the testimony and the documents that will be presented. Any evidence that such witnesses and documents can provide will illustrate only the implementation of marketing policies and practices. In order to establish liability, however, Plaintiff will somehow need to link the implementation with directives and policy established by Snap and then Pennzoil. To do this, Plaintiff will likely have to rely on the key evidence and testimony located in Texas. Moreover, the parties do not dispute that witnesses familiar with the marketing procedure, such as those identified in Minnesota, could be located in most states, and certainly in Texas, *e.g.*, employees of McLane Stores, another "top mass merchandiser" as identified by Plaintiff.

Plaintiff's reliance on *Olson v. Snap Products, Inc.* is equally misplaced. 29 F. Supp. 2d 1027 (D. Minn. 1998). Mr. Olson, a resident of Minnesota, was injured upon the explosion of a tire that had been repaired with FIX-A-FLAT. The *Olson* decision, however, addressed only

Mr. Olson's request to amend his complaint to seek punitive damages. In his Report and Recommendation and on the issue of whether Snap acted with a deliberate disregard for the safety of others, Magistrate Judge Erickson evaluated only the evidence presented by the Plaintiff without considering any of Defendant's evidence to the contrary. *Olson*, 29 F. Supp. 2d at 1037. No factual finding was made in the Report or Recommendation or was adopted by this Court. Thus, the relevance of the *Olson* decision to the current litigation is minimal at best. Moreover, any documents that may have related to the *Olson* litigation that may prove also relevant in the current litigation have not been established to be here in Minnesota. Rather it appears that they all were returned to national counsel for Snap, located in North Carolina. The involvement of the Minnesota law firm of Bowman & Brooke in the *Olson* litigation appears to have been for the sole purpose of providing local counsel.

The fact that one potential expert witness on the issue of FIX-A-FLAT's flammability is located here in Minnesota is not sufficient to maintain venue in this District. Given the nature of the dispute that has been presented to the Court, the flammability of the product promises to be only one of many key issues in the case. Rather, the Court finds that the number and nature of the witnesses and documents located in Texas outweighs the presence of one potentially key witness in Minnesota and supports a decision to transfer venue.

**C. Interest of Justice**

A number of considerations which may be relevant in considering this factor are courts' relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgement. *Graff*, 33 F. Supp. 2d at 1122.

The Court is confident that the courts of the Southern District of Texas will be equally as capable of determining the legal issues in this case. First, the Lanham Act claim is brought under federal law with which both courts would be equally as familiar. To the extent that the Lanham Act analysis and legal principles overlap with the Minnesota state law claims, then the courts remain equally as familiar with the relevant law to be applied. Second, given the Texas state law corollaries to the Minnesota state law claims asserted here, this Court is confident that courts in the Southern District of Texas will apply Minnesota law ably and fairly. Moreover, the existence of such similar statutes in both jurisdictions indicates to the Court a shared public policy of consumer protection.

To the extent that the *Olson* litigation has any effect on the current dispute, of which the Court has not been convinced, there is no indication that this Court would be in any better position to evaluate its effect. Simply because two of the parties have litigated a dispute in this jurisdiction once before is insufficient to dictate that any subsequent action should take place here as well. The *Olson* case involved the injury to one person, a citizen of Minnesota. Any inconvenience to parties and witnesses was outweighed by the clear nexus to Minnesota. A similar nexus has not been established here, and the leftover witnesses, documents, and experience of the *Olson* litigation are not enough to outweigh the significance of the witnesses and documents in Texas which promise to be key to the current litigation and to ultimately serve the convenience of the parties and the witnesses.

For the reasons stated, **IT IS HEREBY ORDERED** THAT:

1. Defendant Pennzoil-Quaker State Company's Motion to Transfer Venue (Doc. No. 19) is **GRANTED**;

2. Defendant Pandora Manufacturing Inc.'s Motion to Change Venue (Doc. No. 15) is **GRANTED**; and

3. Venue be transferred out of the District of Minnesota to the Southern District of Texas.

Dated: June 29, 2001

DONOVAN W. FRANK
Judge of United States District Court